IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01529–MSK–KMT

RUDOLPH VASQUEZ,

    Plaintiff,

v.

OFFICER KERRY LEWIS, Castle Rock Police Department,
OFFICER JOHN DOE #1, Castle Rock Police Department,
OFFICER JOHN DOE #2, Castle Rock Police Department, and
OFFICER JOHN DOE #3, Castle Rock Police Department,

    Defendants.

## ORDER

This matter is before the court on Defendant Kerry Lewis's "Motion to Stay" (Doc. No. 9 [Mot.], filed September 6, 2011). Plaintiff filed a response on September 11, 2011 (Doc. No. 12 [Resp.]).

In this civil rights suit, Plaintiff asserts claims for civil rights violations, pursuant to 42 U.S.C. § 1983. Defendant moves to stay discovery on the grounds that his assertion of qualified immunity entitles him to a stay pending a determination of his immunity. (Mot.) Plaintiff does not oppose the Motion. (Resp.)

In his "Motion for Summary Judgment" pending before District Judge Marcia S. Krieger, Defendant asserts he is entitled to qualified immunity. (Doc. No. 8.) Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials

from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir.1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered: 1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

The court finds that the *String Cheese* factors weigh in favor of a stay of discovery. First, Plaintiff does not oppose the stay. While the court expresses no opinion about the merits of Defendant's Motion for Summary Judgment, the court considers that Defendant has made a colorable argument. Because qualified immunity is meant to free a defendant from the burdens of litigation, allowing discovery to proceed would necessarily burden the Defendant as the defense would be lost.

Defendant also argues a stay of the case would be the most efficient way to conserve time, resources, and effort of the court and all parties involved. There is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action.

Balancing these factors, the court finds that a stay of discovery and other deadlines is appropriate in this case. Therefore, it is

**ORDERED** that the "Motion to Stay" (Doc. No. 9) is **GRANTED**. All proceedings in this matter are **STAYED** pending ruling on the pending motion for summary judgment. The deadlines and scheduling conference set in the "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" are VACATED. The parties shall file a joint status report within ten days of ruling on the motion for summary judgment to advise if the scheduling conference should be reset.

Dated 12th day of September, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge