IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01529-RBJ-KMT

RUDOLPH VASQUEZ,

    Plaintiff,

v.

OFFICER KERRY LEWIS, Castle Rock Police Department,
OFFICER JOHN DOE #1, Castle Rock Police Department,
OFFICER JOHN DOE #2, Castle Rock Police Department, and
OFFICER JOHN DOE #3, Castle Rock Police Department,

    Defendants.

ORDER

This case comes before the Court on defendant Kerry Lewis's motion for summary judgment [docket #8].

**Facts**

In the summer of 2009 Plaintiff Rudolph Vasquez and his estranged wife Gayelynn Vasquez were involved with several domestic issues. On June 30, 2009 Officer Kerry Lewis was dispatched to respond to a report of a domestic protection order violation by Gayelynn Vasquez. Lewis Aff. ¶ 3. Ms. Vasquez told Officer Lewis that on June 26, 2009 when she attempted to use her ATM card to access money in an account she shared with Mr. Vasquez the machine took her card and would not release it back to her. *Id.* at ¶ 4. Ms. Vasquez told Officer Lewis that she contacted the bank and was told that the card was reported as lost or stolen. *Id.* Ms. Vasquez also told Officer Lewis that there was a restraining order in place for her protection. *Id.*

Officer Lewis then investigated Ms. Vasquez's allegations by first checking the Colorado Crime Information Center/ National Crime Information Center (CCIC/NCIC). *Id.* at ¶¶ 5-7. The CCIC/NCIC report listed three protective orders in effect on June 30, 2009. *Id.* at ¶ 7. The first protection order was issued on 1/08/2009 and expired on 1/08/2010 and did not identify a protected party. CCIC/NCIC Report. The second order was issued on 06/10/2009 and expired on 06/10/2010 and listed Gayelynn Vasquez as the protected party. *Id.* The protection order stated that Mr. Vasquez was "restrained from assaulting, threatening, abusing, harassing, following, interfering, or stalking the protected person and/ or the child of the protected person." *Id.* The third protection order was issued on 6/15/2009 and expired on 6/15/2010 and identified the protected person as Gayelynn Vasquez. Like the second order, the third order also restrained Mr. Vasquez from "assaulting, threatening, abusing, harassing, following, interfering, or stalking the protected person." *Id.* Mr. Vasquez argues that the protective orders had been vacated prior to June 30, 2009, but all parties agree that this was not reflected in the CCIC/NCIC report.

Officer Lewis then contacted Ms. Vasquez's bank, Nuvision Bank. Nuvision Bank confirmed that the card had been lost or stolen but per company policy would not say which person listed on the card made the report. Lewis Aff. at ¶ 10. Officer Lewis then contacted Mr. Vasquez. Mr. Vasquez denied reporting the card as lost or stolen but did acknowledge that he had deactivated the card. *Id.* at ¶ 12.

Officer Lewis believed that Mr. Vasquez had deactivated the card as a way to coerce or control Ms. Vasquez in violation of the protection order. *Id.* at ¶ 9. Mr. Vasquez was then contacted at his place of employment and arrested for violating the protection order. *Id.* at ¶ 13. Officer Lewis completed a Statement on Support of Warrantless Arrest and a Summons and Complaint for violation of a restraining order C.R.S. § 18-6-803.5 and domestic violence C.R.S.

§§ 18-6-800.3 and 18-6-801.6.  Statement in Support of Warrantless Arrest and Complaint and Summons.  The charges against Mr. Vasquez were ultimately dismissed by the Douglas County District Attorney's Office.  As a result of his arrest Mr. Vasquez now brings this § 1983 claim against Officer Lewis and three unnamed officers for false arrest and malicious prosecution in violation of the Fourth, Fifth, and Fourteenth Amendments.[1]

**Standard**

Generally, summary judgment is appropriate when "the movant shows that there is no genuine dispute to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Because the defendant asserts a qualified immunity defense the summary judgment standard is subject to a "somewhat different analysis from other summary judgment rulings." *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006).  The qualified immunity doctrine "shields government officials performing discretionary functions from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Toevs v. Reid*, 646 F.3d 752, 755 (10th Cir. 2011) (internal citations omitted).  To overcome summary judgment based on qualified immunity, the plaintiff "must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Steffey*, 461 F.3d at 1221.

This standard requires a two pronged analysis: "First a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Second, the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th

---

[1] In his response, plaintiff acknowledges that he cannot state a claim against the unnamed police officers and said he would move to dismiss them if his complaint survived summary judgment.

Cir. 2009). The first prong requires that the Court determine whether the plaintiff "sufficiently asserted the violation of a constitutional right." *Lighton v. University of Utah,* 209 F.3d 1213, 1221 (10th Cir. 2000). The plaintiff "must do more than abstractly identify an established right, but must specifically identify the right and conduct . . . which violated that right." *Id.* A right is clearly established if it would have been "clear to a reasonable officer that his conduct was unlawful under the circumstances presented." *Id.; See also Saucier v. Katz*, 533 U.S. 194, 202 (2001). The plaintiff must satisfy both prongs to defeat a claim of qualified immunity. *Id.*

If a plaintiff succeeds in showing violation of a constitutional right, then defendants bear the burden of showing that there are no material issues of fact that would defeat their claim of qualified immunity. *Lighton,* 209 F.3d at 1221.

**Conclusions**

False Arrest

'When a warrantless arrest is the subject of a § 1983 action, the arresting officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to make the arrest." *Robertson v. Las Animas Cnty. Sheriff's Dep't,* 500 F.3d 1185, 1191 (10th Cir. 2007). Probable cause depends upon the "reasonable conclusion to be drawn from the facts known to an arresting officer at the time of the arrest." *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004). Probable cause exists if "facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay,* 45 F.3d 1472, 1476 (10th Cir. 1995) (quoting *Jones v. City & Cnty. of Denver,* 854 F.2d 1206, 1210 (10th Cir. 1988)).

Before arresting Mr. Vasquez, Officer Lewis did several things to investigate Ms. Vasquez's allegations.  First, Officer Lewis talked with Ms. Vasquez who alleged that there had been domestic violence and there was a protective order in place.  Ms. Vasquez also said that as a result of Mr. Vasquez disabling her access to their joint bank account she did not have access to any money and had to pawn a television to pay her bills.  Officer Lewis ran a CCIC/NCIC report which confirmed that there were three protection orders against Mr. Vasquez, including two where Ms. Vasquez was named as the protected party.  Officer Vasquez confirmed with Nuvision Bank that the ATM card had been reported as lost or stolen.  Further, Mr. Vasquez confirmed to Officer Lewis that he had deactivated Ms. Vasquez's ATM card.

Mr. Vasquez argues that there was not probable cause because Officer Lewis failed to investigate whether the protection orders had been vacated and whether Ms. Vasquez was in fact stealing from Mr. Vasquez.  It was reasonable for Officer Lewis to rely on the CCIB/NCIC report to determine that there were current protection orders against Mr. Vasquez.  Nothing in the report suggested that these orders were vacated.  In fact, Mr. Vasquez acknowledges in his response [docket #19] that "there would be no way for the police to understand the invalidity of the protection order, as reported on the CCIC."  Pl. Resp. at 5.  Accordingly, it was reasonable for Officer Lewis to believe that there was a valid protection order in place and not investigate that issue further.

Although Officer Lewis did not thoroughly investigate Mr. Vasquez's reasons for deactivating the ATM card, he was not required to.  "Although it may be true that a more thorough investigation might have cast [Ms. Vasquez's] allegations in a different light, the law does not require a police officer to complete a thorough investigation before electing to effect an arrest."  *Harris v. Commerce City,* No. 09-cv-01728, 2010 WL 3307465, at *8 (D. Colo. August

18, 2010). "So long as the alleged victim's version of events is plausible and there is some basis for the officer's decision to credit the victim's credibility, probable cause to arrest may lie even where the alleged perpetrator disputes the victim's contentions." *Id.*  The CCIC/NCIC report corroborated the information that Ms. Vasquez provided to Officer Lewis about the protection orders and Nuvision Bank corroborated Ms. Vasquez's allegations that her card had been reported as lost or stolen. Under these circumstances, it was reasonable for Officer Lewis to credit Ms. Vasquez's credibility.

In this situation, it was also reasonable for Officer Lewis to believe that Mr. Vasquez had violated the protection order. The protection order said that Mr. Vasquez could not "interfere" with Ms. Vasquez. It was reasonable for Officer Lewis to determine that deactivating Ms. Vasquez's ATM card so that she could no longer access her money would constitute interfering with her. Because a reasonable person would have believed that there was probable cause to make the arrest, Officer Lewis is entitled to qualified immunity for arresting Mr. Vasquez. As such, Officer Lewis's motion for summary judgment for false arrest is GRANTED.

Malicious Prosecution

Like false arrest, malicious prosecution also requires the plaintiff to show that there was not probable cause, either at the initial arrest or during the continued confinement or prosecution. *Novitsky v. City of Aurora,* 491 F. 3d 1244, 1258 (10th Cir. 2007). Mr. Vasquez has not alleged any facts that Officer Lewis was involved with or somehow contributed to his continued confinement or prosecution. Accordingly, Officer Lewis could only be held liable for malicious prosecution based on his arresting Mr. Vasquez. However, as discussed above, there was probable cause for the arrest and therefore as the arresting officer, Officer Lewis is entitled to

sovereign immunity.  Accordingly, Officer Lewis's motion for summary judgment for malicious prosecution is GRANTED.

**Order**

Defendant's motion for summary judgment [docket #8] is GRANTED.

DATED this 26th day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge